UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

CAMARAY ESCOBAR, INDIVIDU-
ALLY AND NEXT AS FRIEND OF
S.W. (DOB: 12/30/13) AND A.W. (DOB:
6/2/15);

    *Plaintiff*,

v.

TASHA MEYERS, J.C. HATCH,
ALYSSA MILLER, DAYANARA
GUTIERREZ, SANDRA JORDAN,
JOHN/JANE DOE SUPERVISORS,
TEXAS DEPARTMENT OF FAMILY
AND PROTECTIVE SERVICES,
CECILE ERWIN YOUNG, OFFICIAL
CAPACITY, STEPHANIE MUTH, OF-
FICIAL CAPACITY, THE HONORA-
BLE JUDGE OF THE 150TH DIS-
TRICT COURT, OFFICIAL CAPACI-
TY ONLY,

    *Defendants*.

Case No. 5:25-CV-01535-JKP

## MEMORANDUM OPINION AND ORDER

Before the Court is Camaray Escobar's ("Escobar") Amended Motion for Temporary Restraining Order and Preliminary Injunction ("the Motion"), (*ECF No. 8*). Following the filing of Escobar's initial Motion for Temporary Restraining Order, (*ECF No. 2*), which the Court denied, United States Magistrate Judge Elizabeth S. Chestney issued her Report and Recommendation, recommending this case be dismissed for lack of subject-matter jurisdiction. *ECF No. 4*. Having reviewed the Motion, Judge Chestney's Report and Recommendation, and all other relevant filings, the Court will dismiss this case for lack of subject-matter jurisdiction.

**LEGAL STANDARD**

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). In making its determination, the Court will accept as true all well-pleaded allegations set forth in the Proposed Complaint and construe them in the light most favorable to Damron. *Truman v. U.S.*, 26 F.3d 592, 594 (5th Cir. 1994).

Generally, a federal court may have subject-matter jurisdiction in two ways: federal question or diversity. 28 U.S.C. §§ 1331, 1332. In this case, Escobar alleges the Court has federal question jurisdiction under 42 U.S.C. § 1983. *ECF No. 1-1 at 1*. Federal question jurisdiction exists when a case or controversy arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

**ANALYSIS**

Escobar's proposed Complaint alleges constitutional violations by a Bexar County Judge, the Texas Department of Family and Protective Services (DFPS), and various individuals working for DFPS who participated in the seizure of her two minor children and are involved in ongoing child custody proceedings. *See, generally, ECF No. 1-1*. Plaintiff asks the Court to intervene in the child custody proceedings, to permanently enjoin the Bexar County court from adjudicating the matter concerning her two minor children, to order the suppression of toxicology evi-

dence in that case, to immediately return her children to her custody, and to award her damages. *Id*.

Federal courts do not have jurisdiction to decide domestic relations disputes. *Franks v. Smith*, 717 F.2d 183, 185 (5th Cir. 1983). "If the federal court must determine which parent should receive custody [or] what rights the noncustodial parent should have," the court should dismiss the case pursuant to the domestic relations exception. *Rykers v. Alford*, 832 F.2d 895, 899–900 (5th Cir. 1987). Additionally, federal courts must abstain from granting equitable relief where: (1) the dispute involves an ongoing state judicial proceeding; (2) the subject matter of the state proceeding implicates an important state interest; and (3) the state proceedings afford an adequate opportunity to raise constitutional challenges. *Younger v. Harris*, 401 U.S. 37, 41–52 (1971). Family and child custody are important state interests. *Moore v. Sims*, 442 U.S. 415, 434 (1979).

There is ample reason for this Court to decline to move forward with Escobar's present action. Here, Escobar seeks relief from this Court to determine a domestic relations dispute of child custody. There is no reason to conclude Escobar cannot adjudicate her claims in state court. In sum, whatever the status of the underlying state court proceedings, this Court cannot entertain any request for relief or any cause of action.

## CONCLUSION

For the reasons stated, it is **ORDERED** Escobar's case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. **IT IS FURTHER ORDERED** any pending motions are **DENIED AS MOOT**.

The Clerk of Court is **DIRECTED** to terminate this case and issue a final judgment.

It is so ORDERED.
SIGNED this 2nd day of December, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE